IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. LESKO, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 11-1049 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| JOHN E. WETZEL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

On January 13, 2012, Petitioner John C. Lesko filed with this Court a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the 2012 Petition"). (Doc. 12). He raises 22 claims for relief. In Claims I, II, III, IV, and XXII, he challenges his 1981 convictions of first-degree murder and criminal conspiracy. In his remaining claims, he challenges the sentence of death he received following his 1995 resentencing hearing. Because Lesko already has litigated one federal habeas petition in which he challenged his 1981 convictions, the Court directed the parties to submit briefs on whether the 2012 Petition, or at least that portion of it in which he is seeking relief from his convictions, is "a second or successive habeas corpus application under section 2254" and thus subject to the provisions of 28 U.S.C. § 2244(b). If it is, Lesko must receive an order from the Court of Appeals for the Third Circuit authorizing this Court to consider it. 28 U.S.C. § 2244(b)(3)(A)-(D). If it is not, then § 2244(b) does not apply and this Court may proceed forward with this case.

Lesko asserts that the 2012 Petition is not "a second or successive habeas corpus application." (Doc. 21). Respondents take the contrary position. (Docs. 21, 23). For the reasons stated here, the Court agrees with Lesko.

**BACKGROUND**

In January of 1981, Lesko and his co-defendant, Michael Travaglia, were tried before a jury in the Court of Common Pleas of Westmoreland County for the murder of Apollo Police Officer Leonard C. Miller. The jury found both defendants guilty of first-degree murder and criminal conspiracy. Because the Commonwealth was seeking the death penalty against Lesko and Travaglia, their trial was immediately followed by a hearing before the same jury to determine the sentence to be imposed. The jury decided that each defendant should be sentenced to death for the murder of Officer Miller.

On April 23, 1982, after it had denied Lesko's post-trial motions, the Court of Common Pleas imposed the sentence fixed by the jury by issuing the following Order of Court:

> AND NOW, to wit, this 23rd day of April 1982, the sentence of the laws of the Commonwealth of Pennsylvania and of this Court is that you, John Charles Lesko, be taken by the Sheriff of Westmoreland County to that state prison from whence you came, and from thence, in due course, to the State Correctional Institution at Rockview, situate[d] in Centre County, Pennsylvania, and that you there suffer death during the week fixed by the Governor of the Commonwealth of Pennsylvania, in a building erected for that purpose, and upon land owned by the Commonwealth in Centre County.

(CP Doc. 97).[1]

In 1983, the Pennsylvania Supreme Court affirmed Lesko's and Travaglia's sentences of death. <u>Commonwealth v. Travaglia</u>, 467 A.2d 288 (Pa. 1983) (consolidated direct appeal), <u>cert.</u>

---

[1] Respondents have submitted the Common Pleas Court's complete file, which contains documents indexed 1 through 415. Those documents are cited herein as "CP Doc. __".

denied, 467 U.S. 1256 (1984). Two years later, the Pennsylvania Supreme Court affirmed the Common Pleas Court's decision to deny Lesko's motion for collateral relief, which he had filed pursuant to Pennsylvania's Post Conviction Hearing Act, 42 Pa.C.S. § 1985 (the predecessor to Pennsylvania's Post Conviction Relief Act ("PCRA")). Commonwealth v. Lesko, 501 A.2d 200 (1985), cert. denied, 479 U.S. 1101 (1987).

In 1986, Lesko filed with this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254 (the "1986 Petition"). He raised claims challenging both the guilt phase and the sentencing phase of his 1981 trial, and contended that he was entitled to a new trial altogether or, at a minimum, a new sentencing hearing.[2]

In April of 1990, this Court denied Lesko's claims for relief. Lesko v. Owens, No. 86-cv-1238, slip op. (W.D. Pa. Apr. 12, 1990). See also Lesko v. Jeffes, 689 F.Supp. 508 (W.D. Pa. 1988) (initially granting writ), rev'd, Lesko v. Owens, 881 F.2d 44 (3d Cir. 1989), cert. denied, 493 U.S. 1036 (1990). In February of 1991, the Court of Appeals for the Third Circuit issued a decision in which it affirmed this Court's decision "to the extent that it sustains the determination of [Lesko's] guilt." Lesko v. Lehman, 925 F.2d 1527, 1555 (3d Cir. 1991). It reversed the decision to deny Lesko sentencing-phase relief because it determined that his constitutional rights had been violated when the prosecutor made improper comments during the closing statement he gave at the sentencing hearing. Accordingly, the Third Circuit concluded, Lesko was entitled to the writ unless the state court held a new sentencing hearing within a reasonable period of time set by this Court. It remanded the case with the additional instruction that, before this Court issue the writ, it must conduct an evidentiary hearing on the issue of whether the guilty plea that Lesko had entered in a criminal case out of Indiana County was voluntary. If this Court

---

[2] The case was assigned to the Honorable Alan N. Bloch.

3

found that it was not, the Third Circuit instructed, the writ was to issue to the extent that Lesko sought relief from the sentencing phase of his 1981 trial "subject to the additional requirement that evidence of the guilty plea not be introduced at the resentencing proceeding." Id. at 1555.

Upon remand, the magistrate judge to whom the case was referred presided over the evidentiary hearing. He determined that the guilty plea that Lesko had entered in the Indiana County case was involuntary and, therefore, could not be used in the subsequent resentencing hearing. The magistrate judge's report and recommendation was adopted as the opinion of this Court on February 20, 1992. Lesko v. Lehman, No. 86-cv-1238, 1992 WL 717815 (W.D. Pa. Feb. 20, 1992). In accordance with the Third Circuit's directive, this Court issued what is known as a "conditional writ,"[3] instructing that "a writ of habeas corpus is GRANTED, and that [Lesko] is discharged from custody," unless within a certain amount of time the Common Pleas Court "holds a resentencing hearing at which evidence of the petitioner's Indiana County guilty plea is excluded." Id. at *1.

In February of 1995, the Common Pleas Court presided over a second sentencing hearing. On February 17th, the jury returned a verdict of death. At the conclusion of the hearing, the court issued the following Order of Court: "AND NOW, this 17th day of February, 1995, in accordance with the verdict of the jury and the finding of this jury, IT IS THE SENTENCE of this Court that you suffer the penalty of death." (CP Doc. 206; see also 2/17/95 Sentencing Hr'g Tr. at 50). The Pennsylvania Supreme Court affirmed Lesko's sentence on

---

[3] Although a federal habeas court has the authority to order that a successful habeas petitioner be released immediately, conditional writs are "[b]y far the most common habeas corpus remed[y] today[.]" R. Hertz & J. Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 33.3 (Matthew Bender & Co. 2011). Such orders provide the state with a reasonable time period in which it may conduct a new trial or new sentencing hearing before it must release the petitioner.

4

direct review on May 21, 1998.  Commonwealth v. Lesko, 719 A.2d 217 (Pa. 1998), cert. denied, 525 U.S. 1108 (1999).

Next, Lesko filed a motion for collateral relief under the PCRA.  In that proceeding, he challenged both his 1981 convictions and his 1995 sentence of death.  On August 7, 2006, the PCRA court issued a decision in which it granted Lesko relief on guilt-phase and sentencing-phase claims and directed that he be completely retried for his role in the 1980 murder of Officer Miller.  Commonwealth v. Lesko, No. 681 C 1980, slip op. (C.P. Westmoreland Aug. 7, 2006).

On February 24, 2011, the Pennsylvania Supreme Court reversed the PCRA court's decision to grant Lesko relief.  Commonwealth v. Lesko, 15 A.3d 345 (Pa. 2011).  Several months later, Lesko commenced habeas proceedings in this Court by filing, *inter alia*, a motion for appointment of counsel, which was granted.  On January 13, 2012, Lesko filed the 2012 Petition.  This Court then directed the parties to submit a brief addressing whether it is subject to the constraints that 28 U.S.C. § 2244(b) imposes on "a second or successive habeas corpus application under section 2254."

## ANALYSIS

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[4]  28 U.S.C. § 2254(a).  See also id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

---

[4] Although the statutes discussed herein refer to a habeas "application," this Court shall use the word "petition" interchangeably with the word "application," as does the U.S. Supreme Court in its cases.

5

granted unless it appears that … "). In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132 § 104, 110 Stat. 1214. AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citing 28 U.S.C. § 2244(b)). In relevant part, before filing a "second or successive" habeas petition with the district court, the state prisoner first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive petition only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). Id. at 153 (citing, *inter alia*, § 2244(b)(3)(C)).[5]

Section 2244(b)'s requirement that prisoners obtain authorization from the appropriate court of appeals before filing "a second or successive habeas corpus application under section 2254" with the district court is jurisdictional. Id. at 149. Therefore, before this Court may proceed any further with this case, it must be determined whether the 2012 Petition, or at least that portion of it in which Lesko is challenging his 1981 convictions, is subject to § 2244(b)'s requirements.

AEDPA does not define the phrase "second or successive." To determine whether the 2012 Petition is such an application, this Court first must look to the Supreme Court's recent decision in Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). In 1979, Billy Jo

---

[5] AEDPA's procedural framework regarding second or successive habeas petitions, which is set forth at § 2244(b)(3)(A), applies to all second or successive applications filed after AEDPA's effective date of April 24, 1996. See Brian R. Means, Federal Habeas Manual § 11:6 (West July 2011) (collecting cases).

6

Magwood shot and killed a sheriff. He was indicted by a grand jury for the murder of an on-duty sheriff, a capital offense under Alabama Code § 13-11-2(a)(5) (1975). He was tried in 1981. The prosecution asked the jury to find Magwood guilty of aggravated murder as charged in the indictment, and sought the death penalty. The jury found him guilty of capital murder under § 13-11-2(a)(5), and imposed the sentence of death based on the aggravation charged in the indictment. In accordance with Alabama law, the trial court reviewed the basis for the jury's decision. Although the court did not find the existence of any statutory "aggravating circumstance," it relied on Ex parte Kyzer, 399 So.2d 330 (Ala. 1981), to find that murder of a sheriff while "on duty or because of some official or job-related acts," § 13-11-2(a)(5), is a capital felony that, by definition, involves aggravation sufficient for a death sentence. Magwood, 130 S.Ct. at 2792-93.

Magwood's state appeals were unsuccessful and in 1983 he filed a § 2254 petition in federal court. The district court denied his guilt-phase claims but found that one of his sentencing-phase claims had merit (that the trial court failed to consider statutory mitigating circumstances relating to his mental state at the time of the murder). It therefore issued a conditional grant of the writ pending resentencing. The trial court held a new sentencing hearing in September of 1986, after which it once again imposed the death penalty. Id.

In 1997, upon completion of his unsuccessful state appeals, Magwood filed another § 2254 petition in federal court in which he raised challenges relating to the sentencing-phase of his trial. He claimed, *inter alia*, that his sentence was unconstitutional because he lacked fair warning at the time of his 1979 offense that Alabama's statutes would be interpreted as allowing his conduct in murdering an on-duty sheriff to be used as an aggravating circumstance in a

7

capital sentencing. The district court agreed and conditionally granted the writ on that claim. Id. at 2794-95.

On appeal to the Court of Appeals for the Eleventh Circuit, the state argued that Magwood's fair-warning claim was "second or successive" within the meaning of § 2244(b) because it was available to him when he filed his first habeas petition in 1983. The Eleventh Circuit agreed and reversed the district court's decision in relevant part. Magwood v. Culliver, 555 F.3d 968 (11th Cir. 2009). It first "separate[d] the new claims [Magwood raised in his 1997 petition] challenging the resentencing from the old claims that were or should have been presented in the prior application [his 1983 petition]." Id. at 975 (internal quotations and citations omitted). It held that "those claims seeking to challenge the new, amended component of the sentence are regarded as part of a first petition, and those claims seeking to challenge any component of the original sentence that was not amended are regarded as part of a second petition." Id. Applying that approach to Magwood's fair-warning claim, the Eleventh Circuit concluded: "the fair-warning claim was available at Magwood's original sentencing. On resentencing, the exact same aggravator – the one alleged in the indictment as allowed by Kyzer – was used again. As Magwood's fair-warning claim was available at his original sentencing, Magwood's claim is successive and is governed by 28 U.S.C. § 2244(b)(2)." Id. at 975-76. Because Magwood did not assert that the fair-warning claim fit into one of § 2244(b)(2)'s exceptions, the Eleventh Circuit dismissed it. Id.

The Supreme Court granted Magwood's petition for a writ of certiorari. The state argued that the Eleventh Circuit was correct to have focused the inquiry under § 2244(b) on the *claim* that Magwood was raising and to have asked whether it was one that could have been raised in his first habeas petition. Magwood argued that "§ 2244(b) … appl[ies] only to a 'second or

8

successive' application challenging the same state-court *judgment*" and since "his 1986 resentencing led to a new judgment, … his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." Magwood, 130 S.Ct. at 2796 (emphasis in original).

The Supreme Court, in a 5 to 4 decision, agreed with Magwood. In reaching its conclusion, it engaged in a straightforward textual analysis of the statutes at issue. It stressed that "[t]he limitations imposed by § 2244(b) apply only to a 'habeas corpus application under § 2254,' that is, an 'application on behalf of a person in custody pursuant to *the judgment* of a State court,' § 2254(b)." Id. at 2797 (emphasis in original). "The reference to a state-court judgment" in § 2254 "is significant," the Supreme Court explained:

> because the term 'application' cannot be defined in a vacuum. A § 2254 petitioner is applying for something: *His petition "seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement,"* Wilkinson v. Dotson, 544 U.S. 74, 83, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis added). If his petition results in a district court's granting of the writ, "the State may seek a new judgment (through a new trial or a new sentencing proceeding)." Ibid. (emphasis in original). Thus, both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" *must be interpreted with respect to the judgment challenged*.

Id. (emphasis added).

The Supreme Court expressly rejected the approach advocated by the state, and employed by the Eleventh Circuit, that would require that each habeas claim Magwood raised in his 1997 petition be reviewed individually, and that if it could have been raised in his 1983 petition, it be considered "second or successive." It held that the "second or successive" determination is made *as to a petition as a whole, not as to claims within a petition*:

> AEDPA uses the phrase "second or successive" to modify "application." See §§ 2244(b)(1), (2). The State reads the phrase to modify "claims." See, e.g., Brief for Respondents 51 ("Congress' intent for AEDPA was to eradicate

> successive claims"). We cannot replace the actual text with speculation as to Congress' intent. We have previously found Congress' use of the word "application" significant, and have refused to adopt an interpretation of § 2244(b) that would "elid[e] the difference between an 'application' and a 'claim,'" Artuz [v. Bennett, 531 U.S. 4, 9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000))]; see also Gonzalez v. Crosby, 545 U.S. 524, 530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("[F]or purposes of § 2244(b), an 'application' for habeas relief is a filing that contains one or more 'claims'"). Therefore, although we agree with the State that many of the rules under § 2244(b) focus on claims, that does not entitle us to rewrite the statute to make the phrase "second or successive" modify claims as well.

Id. at 2798.

The Supreme Court set forth what it referred to as a "straightforward rule" to determine whether a later-in-time petition falls within § 2244(b): "where … there is a 'new judgment intervening between two habeas petitions,' … an application challenging the resulting new judgment is not 'second or successive' at all." Id. at 2802. It then concluded that because Magwood's first habeas petition challenged the judgment entered by the state court after his 1981 trial, and his second habeas petition challenged the intervening judgment entered after his 1986 resentencing, the latter petition was not "second or successive." Therefore, although Magwood had had the opportunity to raise the fair-warning claim in his first habeas petition, neither that claim nor the 1997 petition in which it was raised was subject to the provisions of § 2244(b). Id. at 2801-03.

The Supreme Court also explained that its decision was in accordance with Burton v. Stewart, 549 U.S. 147 (2007) (per curiam), which it described as the only post-AEDPA decision it had issued that came "close to addressing the threshold question whether an application is 'second or successive' if it challenges a new judgment":

> In Burton, the petitioner had been convicted and sentenced in state court in 1994. See id., at 149, 127 S.Ct. 793. He successfully moved for resentencing based on vacatur of an unrelated prior conviction. Id., at 150, 127 S.Ct. 793. The state

10

> appellate court affirmed the conviction but remanded for a second resentencing. Ibid. In March 1998, the trial court entered an amended judgment and new sentence. Id., at 151, 127 S.Ct. 793. In December 1998, with state review of his new sentence still pending, the petitioner filed a § 2254 application challenging his 1994 conviction. The District Court denied it on the merits, the Court of Appeals affirmed, and we denied certiorari. Ibid.
>
> In 2002, after exhausting his state sentencing appeal, the petitioner filed a § 2254 petition challenging only his 1998 sentence. The District Court denied relief on the merits and the Court of Appeals affirmed. We reversed, holding that the petition challenging the sentence should have been dismissed as an unauthorized "second or successive" application. Id., at 153, 127 S.Ct. 793; see § 2244(b)(3)(A). We rejected the petitioner's argument "that his 1998 and 2002 petitions challenged different judgments." Id., at 155, 127 S.Ct. 793; see id., at 156-157, 127 S.Ct. 793. Although petitioner had styled his first petition as a challenge to the 1994 conviction and his second petition as a challenge to the 1998 sentence, we concluded that both attacked the same "judgment" because the 1998 sentence was already in place when the petitioner filed his first application for federal habeas relief. See id., at 156, 127 S.Ct. 793. In other words, the judgment he challenged in his 1998 application was "the same one challenged in the subsequent 2002 petition"; it "was the judgment pursuant to which [the petitioner] was being detained." Ibid. (emphasis added). We expressly recognized that the case might have been different had there been a "new judgment intervening between the two habeas petitions." Ibid. There was no such judgment in Burton, but there is such an intervening judgment here [in Magwood's case].

Id. at 2800-01.

Notably, to assuage concerns the Supreme Court might have in adopting his interpretation of § 2244(b), Magwood commented in his brief – without any supporting citation or legal analysis – that "[o]f course, when a prisoner, such as petitioner, obtains habeas relief from his sentence but not his conviction, any habeas petition after his resentencing that challenged his *conviction* would be successive." Brief for Petitioner at 21 n.8 Magwood v. Patterson, 130 S.Ct. 2788 (2010) (No. 09-158), 2010 WL 37747 (emphasis in original). The state countered in its brief that "Magwood's 'new judgment' theory is not so easily jilted":

> [his] proposed distinction between conviction and sentence is both legally wrong and practically unworkable in death penalty cases.

11

> In Burton, the Court rebuffed the contention that the new judgment stemming from resentencing includes the new sentence but not the original conviction. Burton, supra, at 155-57; see, e.g., Ferreira v. Sec'y, Dep't. of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007) [cert. denied, 555 U.S. 1149 (2009)] (applying Burton to restart AEDPA's one-year statute of limitation for all claims upon resentencing because "the judgment to which AEDPA refers is the underlying conviction and most recent sentence"). In fact, Magwood's amici acknowledge the rule: "[T]his Court has held in a number of different contexts that a criminal judgment includes both a conviction and associated sentence." NACDL Amicus Br. 7. In the light of Burton, if the first petition attacking a new judgment is immune from § 2244(b), as Magwood claims, then resentencing resurrects successive or abusive claims against both the conviction and the sentence.
>
> . . . .
>
> In sum, Magwood's reading of § 2244(b) lacks a limiting principle that prevents the resurrection of a petitioner's prior habeas case. This result poses a serious threat to the States and to the federal courts because, while Magwood concedes his guilt-phase and previously adjudicated claims to this Court, future petitioners (especially capital petitioners) will not share his benevolence.

Brief of Respondents at 49-52 Magwood v. Patterson, 130 S.Ct. 2788 (2010) (No. 09-158), 2010 WL 565216. See also id. at 47-48 ("Rebooting any habeas proceeding after resentencing is a 'troublesome result.' Panetti [v. Quarterman, 551 U.S. 930, 946 (2007)]. But it is devastating in capital cases, AEDPA's primary target."). The state warned that if the Supreme Court adopted Magwood's interpretation, then petitioners who (like Lesko here) had obtained "a conditional writ as to his sentence" would be allowed "to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" because "a sentence and conviction form a single 'judgment' for purposes of habeas review." Magwood, 130 S.Ct. at 2802 (emphasis in original).

Because Magwood was not challenging his conviction, the majority did not address the state's argument. It did comment, however, that "[w]e base our conclusion on the text, *and that text is not altered by consequences the State speculates will following in another case*[,]" id. at

12

2802-03 (emphasis added), thereby arguably suggesting that its decision would have been the same had it been presented with the issue.[6] See also Magwood, 130 S.Ct. at 2808 (Kennedy, J., dissent) (the majority's interpretation might "allow a challenger in Magwood's position to raise any challenge to the guilt phase of the criminal judgment against him in his second application, since a 'new' judgment – consisting of both the conviction and sentence – has now been reentered and all of the errors have (apparently) occurred anew.").

As of this date, no court of appeals has had to decide the issue that the majority declined to address in Magwood: whether a state prisoner who previously obtained a conditional writ of habeas corpus under § 2254 as to his sentence only, may file a subsequent habeas petition under § 2254 challenging not only his resulting new sentence, but also his original, undisturbed conviction, without first complying with the requirements of § 2244(b).[7] However, the few that have considered Magwood's impact as of this date have indicated that, under such a circumstance, the subsequent habeas petition would not be "second or successive." In Johnson v. United States, 623 F.3d 41 (2d Cir. 2010), the Court of Appeals for the Second Circuit applied Magwood's "straightforward rule" to a federal prisoner's motion under 28 U.S.C. § 2255.[8] It held:

---

[6] Prior to Magwood, courts of appeals had ruled that a petitioner who succeeds on a first habeas petition and is resentenced may challenge only the "portion of a judgment that arose as a result of a previous successful action." Id. at 2802 n.16 (collecting cases). Those decisions cannot be reconciled with Magwood, and Respondents do not rely upon them.

[7] As of this date, one district court has had to rule upon the issue now before this Court and the magistrate judge who is presiding over the case has issued a decision that is in accordance with this Court's. Arenas v. Walker, No. 11-1499, 2012 WL 294688 (C.D. Cal. Feb. 1, 2012).

[8] The Second Circuit held, as other courts of appeals have, that Magwood applies to cases filed by federal prisoner's under 28 U.S.C. § 2255. Johnson, 623 F.3d at 45.

13

We must also determine whether Magwood applies in a situation where, as here, a prisoner who successfully challenged his judgment of conviction in a prior § 2255 motion *files a subsequent § 2255 motion challenging unamended portions of his underlying conviction and sentence*. Because the petitioner in Magwood challenged only his sentence in the § 2254 petition he filed after his amended judgment, the Supreme Court explicitly declined to address the question of whether its reading of 28 U.S.C. § 2244(b) "would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction." Magwood, 130 S.Ct. at 2802. Under Magwood, however, where "there is a new judgment intervening between the two habeas petitions, ... an application challenging the resulting new judgment is not 'second or successive' at all." Id. (internal quotation marks omitted). And the Supreme Court has previously stated that "[a] judgment of conviction includes both the adjudication of guilt and the sentence." Deal v. United States, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). *It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both*.

Applying Magwood, Johnson's proposed § 2255 motion would not be successive because it is his first § 2255 motion challenging the amended judgment of conviction. A different result is not warranted by the fact that Johnson's claims could have been raised in his prior § 2255 motion or the fact that he effectively challenges an unamended component of the judgment. In light of Magwood, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment. See Magwood, 130 S.Ct. at 2797, 2802.

Johnson, 623 F.3d at 45-46 (footnote omitted, emphasis added).[9]

Similarly, the Court of Appeals for the Fifth Circuit recently recognized that "Magwood holds that when a first habeas petition results in the issuance of a new judgment, a later-in-time

---

[9] The Second Circuit also held that to the extent its decision in Galtieri v. United States, 128 F.3d 33 (2nd Cir. 1997), "is inconsistent with Magwood, it is no longer good law." Johnson, 623 F.3d at 46. In Galtieri, The Second Circuit considered whether a proposed § 2255 motion should be considered successive where the prisoner's first § 2255 motion resulted in an amended criminal judgment. It held that where the amended judgment altered a portion of the sentence and did not affect the conviction, "a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenged the underlying conviction or seeks to vacate any component of the original sentence that was not amended." Galtieri, 128 F.3d at 37-38.

14

petition challenging that new judgment is not a 'second or successive petition' under AEDPA.... Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without [the court of appeals'] permission, depends on *whether a new sentence has been imposed*." In re Lampton, 667 F.3d 585, 587-88 (5th Cir. 2012) (emphasis added).[10] Likewise, the Eleventh Circuit recently remanded a state prisoner case to the district court to reconsider it in light of Magwood, and in so doing indicated that since the petitioner has been resentenced, a subsequent § 2254 petition challenging his conviction would not be "second or successive." Campbell v. Sec'y for the Dep't of Corr., 447 F.App'x 25, 27 (11th Cir. 2011) (vacating the district court's denial of what it had interpreted as a Rule 60(b) motion and remanding for consideration of whether the motion should be construed as a later-in-time § 2254 petition that is not subject to § 2244(b)'s requirements because there was an intervening resentencing, with the advisement that: "Although we have not yet considered whether Magwood permits a petitioner who received an intervening judgment to attack the unaltered prior conviction, we have ruled that both the writ and AEDPA are focused on the judgment which holds the petitioner in confinement. Specifically, *the judgment to which AEDPA refers is*

---

[10] In In re Lampton, the federal prisoner, who had been convicted of six offenses, had received partial relief in an earlier § 2255 proceeding. The district court vacated his conspiracy conviction and the life sentence that had been imposed based on that conviction and denying the remainder of his claims. He subsequently filed another § 2255 motion, and claimed that pursuant to Magwood, the motion was not "second or successive." The Fifth Circuit disagreed because under the law of the circuit "when a first habeas petition results in vacatur of the conviction and sentence associated with one count of a multi-count conviction, the district court is not required to enter a new judgment as to the remaining counts. Those convictions and sentences, as well as the judgment imposing them, remain undisturbed." Id. at 588-89. Because no new judgment had been imposed, the Fifth Circuit reasoned, the prisoner's subsequent § 2255 motion was "second or successive. Id. at 589-90. It also explained that it was declining to follow the Second Circuit's decision in Johnson, even though the facts of both cases were very similar, because "[n]o new sentence was imposed" and thus it determined that there was no intervening judgment between the prisoner's § 2255 motions.

*the underlying conviction and most recent sentence that authorizes the petitioner's current detention*." (internal citations and quotations omitted) (emphasis added)).

Applying <u>Magwood</u>'s "straightforward" rule to this case, this Court is constrained to conclude that Lesko's 2012 Petition is not "second or successive." "[T]he judgment" he is challenging in the 2012 Petition is that which authorizes his current confinement. <u>See</u>, <u>e.g.</u>, <u>Magwood</u>, 130 S.Ct. at 2797; <u>Burton</u>, 549 U.S. at 153, 155-57. It is comprised of his 1981 convictions and his most recent sentence, which was imposed following his 1995 resentencing hearing. <u>Burton</u>, 549 U.S. at 153, 155-57; <u>Lesko</u>, 15 A.3d at 362 ("The new sentencing proceeding and its result are the cause of [Lesko's] continuing restraint."). <u>See</u> also <u>Magwood</u>, 130 S.Ct. at 2808 (Kennedy, J. dissent) ("A person cannot be held in custody 'pursuant to' a sentence, but only pursuant to 'the' (*e.g.*, one) judgment, which includes both the conviction and sentence." (citing Fed.R.Crim.P. 32(k)(1)[11] and <u>Teague v. Lane</u>, 489 U.S. 288, 314 n.2 (1989) ("As we have often stated, a criminal judgment necessarily includes the sentence imposed upon the defendant")); <u>Ferreira</u>, 494 F.3d at 1289 ("[i]n light of <u>Burton</u>, the judgment reflects the sentence the petitioner is serving and the underlying conviction."). In his 1986 Petition, Lesko challenged a different judgment – the one that authorized his confinement at that time was comprised of his 1981 convictions and the sentence the Court of Common Pleas imposed in

---

[11] The Federal Rules of Criminal Procedure use the word "judgment" and define it as the document signed by the judge and entered on the docket which sets for the "the plea, the jury verdict or the court's findings, the adjudication, and the sentence." Fed.R.Crim.P. 32(k)(1). That is the document that gives the custodian the authority to commit the prisoner. In contrast, the relevant Pennsylvania Rules of Criminal Procedure do not use the term "judgment." <u>See</u> Pa.R.Crim.P. 704, 705, 810. <u>See</u> also former Pa.R.Crim.P 1406 (1981); former Pa.R.Crim.P. 359, 1406 (1995). At the present time, after a court of common pleas has imposed an individual's sentence, he or she is committed to the custody of the Department of Corrections, which is provided with, *inter alia*, a copy of the court's sentencing order, and the Court Commitment Form DC-300B generated from the Common Pleas Criminal Court Case Management System for the unified judicial system. 42 Pa.C.S. § 9764.

April of 1982. Accordingly, the 2012 Petition is not "a second or successive habeas corpus application under section 2254," and therefore is not subject to § 2244(b)'s requirements. Magwood, 130 S.Ct. at 2795-2803.

This Court cannot view Lesko's 1981 convictions and 1995 sentence as separate and distinct judgments in determining whether the 2012 Petition is "second or successive." The Supreme Court did not view Burton's 1994 conviction and 1998 resentencing as separate judgments. 549 U.S. at 153. It looked solely at "the judgment" that confined him, and determined that on the date he filed his 1998 petition and the date he filed his 2002 petition he was confined pursuant to the same judgment – that which resulted from his 1998 resentencing. Burton also had contended "that had he not filed the 1998 petition when he did, and instead waited until state review of his [1998] sentencing claims were complete, he risked losing the opportunity to challenge *his [1994] conviction* in federal court due to AEDPA's 1-year statute of limitations," which is codified at 28 U.S.C. § 2244(d)(1). Id. at 156 (emphasis added). The Supreme Court was not persuaded. It held that Burton misread AEDPA, which states in relevant part that the limitations period for a "person in custody pursuant to *the judgmen*t of a State court" shall run from "the date on which *the judgment* became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A) (emphasis added). Id. "The judgment" Burton was challenging was comprised of his 1994 conviction and most recent (1998) sentence, which became final when direct review of that sentence (or the time for seeking such review) concluded. Because that date "occurred well *after* Burton filed his 1998 petition," the Supreme Court reasoned, Burton's concerns about running afoul of the statute of limitations if he did not raise his guilt-phase claims in a 1998 federal habeas proceeding had been unfounded. Id. at 156-57 (emphasis in original). See also Ferreira, 494 F.3d at 1289

(recognizing that a federal habeas court may not view "the conviction and sentence as separate and distinct judgments"); id. at 1293 ("What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner[,]" the "judgment" is "both the conviction *and* the sentence the petitioner is serving at the time he files his application[.]" (emphasis in original)); Scott v. Hubert, 635 F.3d 659 (5th Cir.), cert. denied, — U.S. —, 132 S.Ct. 783 (2011) (rejecting the State's suggestion that "two separate judgments were created in this case, a 'conviction judgment' and a 'sentencing judgment,' and [the petitioner] was required to immediately file a § 2254 petition challenging the former even though he had not yet concluded his direct appeal from the latter[,]" and explaining that "[t]his argument founders on the shoals of Burton[.]").

Respondents have provided this Court with no convincing argument to support their position that the 2012 Petition is "second or successive." They are correct that this case falls squarely within the category of cases that the Magwood majority specifically declined to address. However, it is precisely the type of case that the state and dissent warned about, and this Court agrees with Lesko and the other courts of appeals that have considered Magwood's impact that its reasoning dictates that since Lesko was resentenced between the filing of his 1986 Petition and his 2012 Petition, the latter petition is not "second or successive."

Respondents also suggest that this Court should follow the approach recently employed by the Pennsylvania Supreme Court when it determined that Lesko's guilt-phase PCRA claims were untimely. See Lesko, 15 F.3d at 359-72. That statute requires, in relevant part, that any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The Pennsylvania Supreme Court concluded that Lesko's 1995 resentencing proceeding did not "operate[ ] to reopen the final Pennsylvania judgment

18

concerning the verdict of guilt." Id. at 365. See also id. at 366 ("We hold that the 1981 Pennsylvania judgment of sentence is final for all purposes except for that part of the final judgment that was disturbed by the federal *habeas* proceeding, *i.e.*, Lesko's penalty phase proceeding." (emphasis in original)). Therefore, it held that "Lesko's judgment of sentence in terms of his conviction for first-degree murder became final in 1984, after his *certiorari* petition in the U.S. Supreme Court was denied[,]" id. at 366, and as a result all of his guilt-phase claims were untimely under the PCRA, accept for the one Brady claim that relied upon newly-discovered evidence.[12] Id. at 359-72.

This Court cannot employ the analysis the Pennsylvania Supreme Court's used to determine which of Lesko's claims were untimely under the PCRA. It was analyzing state law and applying a state statute, while this Court is tasked with applying the provisions of the federal habeas corpus statute at 28 U.S.C. § 2244(b) and § 2254, and must follow the holdings of Magwood and Burton, the two most recent U.S. Supreme Court cases that have interpreted those statutes. As the final arbiter of state law, the Pennsylvania Supreme Court was free to decide that Lesko's guilt-phase PCRA claims had to be reviewed individually and those that could have been raised prior to the 1995 resentencing hearing were time-barred. But, as set forth above, Magwood held that the "second or successive" determination is to be made as to the petition as a whole, not on a claim-by-claim basis. 130 S.Ct. at 2798. And, in accordance with Burton, this Court cannot view Lesko's convictions and sentence as separate judgments. There is only *one*

---

[12] The Pennsylvania Supreme Court held that the only guilt-phase claim that was not untimely was the one based upon his contention that the Commonwealth violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963) when it failed to disclose a statement made by Daniel Keith Montgomery to Pennsylvania State Trooper Michael K. Steffee. That claim was premised upon information that had been disclosed to Lesko for the first time *after* the 1995 resentencing hearing. Lesko, 15 A.3d at 362, 367, 371.

state court judgment at issue here – that which authorizes Lesko's confinement and which is comprised of his underlying conviction and his most recent sentence.

Consistent with the analyses above, the Court hereby enters the following:

## II. ORDER

Lesko's Petition is not "second or successive" and, therefore, it is not subject to the requirements of 28 U.S.C. § 2244(b). A Scheduling Order directing Lesko to file a memorandum of law in support of the 2012 Petition will follow.

April 2, 2012                                         s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record